IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF:<br><br>JEREMIAH JOSEPH COOK, JR.,<br><br>    Debtor.<br>_____<br><br>JEREMIAH JOSEPH COOK, JR.,<br><br>    Appellant,<br><br>    v.<br><br>INDYMAC BANK, FSB,<br><br>    Appellee. | HON. JEROME B. SIMANDLE<br><br>Civil No. 10-4442 (JBS)<br><br>ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>[Case No. 09-36729/JHW]<br><br>**OPINION** |

APPEARANCES:

Neil I. Sternstein, Esq.
Five Aberdeen Place
Woodbury, NJ 08096
    Counsel for Appellant

Ray A. Lebron, Esq.
FEIN, SUCH, KAHN & SHEPARD, PC
7 Century Drive
Suite 201
Parsippany, NJ 07054
    Counsel for Appellee

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

    This matter is before the Court on the appeal of an order of the Bankruptcy Court for the District of New Jersey. Appellant Jeremiah Joseph Cook, Jr., who is a Chapter 7 debtor, moved to void a second mortgage lien on his property. The Bankruptcy Court, by the Honorable Judith H. Wizmur, Chief U.S.

Bankruptcy Judge, denied the motion.[1]  On review of this order, the question before this Court is whether a lien is rendered void under 11 U.S.C. § 506(d) if it is junior to another lien that exceeds the appraised value of the collateral property.  Because this Court agrees with the Bankruptcy Court that the controlling precedent interprets § 506(d) as not rendering such a lien void, the Court will affirm the Bankruptcy Court's order denying Appellant's motion.

## II.  BACKGROUND

Jeremiah Joseph Cook, Jr. owns a home that is encumbered by a first and second mortgage held by the Appellee, IndyMac Bank, FSB.  The balance of the first mortgage is $366,216.19, while the home has been appraised at $364,000.00.[2]  Cook filed for Chapter 7 bankruptcy, and moved to void the second mortgage lien pursuant to 11 U.S.C. § 506(d), a statutory provision related to the

---

[1] As the Bankruptcy Court noted in its opinion, while the debtor's motion was styled as a motion to reclassify the debt from secured to unsecured status, the debtor actually sought to void the mortgagee's lien under § 506(d).  [Case No. 09-36729, Docket Item 31 at 2.]

[2] There was a dispute of fact before the Bankruptcy Court regarding the value of the property, but the Bankruptcy Court did not reach that question because the Court found that even assuming the property was valued as claimed by Debtor, Debtor still could not reclassify and void the junior lien.  This Court similarly accepts the appraisal for the sake of argument, since it does not affect the result in this case.

validity of certain liens.³  The Bankruptcy Court denied Cook's motion on July 29, 2010, finding that § 506(d) does not permit a debtor to void a junior lien attached to real property just because sale of the property at its current value would not satisfy the entirety of a senior lien.

The Bankruptcy Code divides claims secured by a lien on property, which are otherwise claims generally allowed in bankruptcy proceedings under § 502, into secured and unsecured

---

³ 11 U.S.C. § 506 provides in relevant part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> . . .
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

claims.  See 11 U.S.C. § 506(a).  A claim secured by a lien on property "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."  Id.  A claim secured by a lien on property "is an unsecured claim to the extent that the value of such creditor's interest [in the estate's interest in such property] is less than the amount of such allowed claim."  Id.  The Bankruptcy Code also renders void certain liens, providing in § 506(d) that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."  11 U.S.C. § 506(d).

In Dewsnup v. Timm, 502 U.S. 410 (1992), the Supreme Court considered whether § 506(d) has the effect of rendering void that portion of a lien securing the part of a claim that exceeds the appraised value of the collateral property — in other words, whether § 506(d) renders void the portion of a lien that secures the part of a claim considered unsecured by § 506(a).  The Court held that in a Chapter 7 bankruptcy, § 506(d) does not so operate.  Id. at 778.

In so holding, the Court acknowledged that one possible interpretation of § 506(a) and (d) is that these provisions split liens into secured and unsecured portions and render the unsecured liens void.  Id. at 776-77.  One reading of § 506(d) would understand "allowed secured claim" to mean a claim considered secured under § 506(a), such that §506(d) would mean

4

this:  To the extent that a lien secures a portion of a claim against the debtor that is not a secured claim as defined by § 506(a), such portion of the lien is void.  See id.  But the Supreme Court rejected the interpretation that reads the phrase "allowed secured claim" to mean a claim of a creditor that is considered a "secured claim" under § 506(a).  Id. at 778.  Instead, the Court interpreted the phrase "allowed secured claim" in § 506(d) to mean a claim secured by a lien which is allowed under § 502.  Id.  Thus, the Court read § 506(d) like this:  To the extent that a lien secures a claim against the debtor that is not an allowed claim, such lien is void.

Dewsnup addressed what has been termed a "strip down" — the reduction of the value of a claim secured by a lien to the value of the collateral.  Similar questions arise, as in the present case, when a junior lien is secured by a property that is also the subject of a senior lien that exceeds the value of the property; voiding that kind of lien has been termed a "strip off," since the debtor seeks to void the entirety of the lien because the entirety of the claim it secures exceeds the value of the property.  The Debtor urges this Court to distinguish Dewsnup because of the difference between strip offs and strip downs.  However, as explained below, the Bankruptcy Court correctly found that the difference between strip downs and strip offs does not provide a basis for distinguishing Dewsnup, and so this Court

will affirm.

**III. DISCUSSION**

   **A. Standard of Review**

This Court has jurisdiction to review the Order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). The Court's review of bankruptcy courts' conclusions of law is <u>de novo</u>. See <u>In re Top Grade Sausage, Inc.</u>, 227 F.3d 123, 125 (3d Cir. 2000).

   **B. Analysis**

      1. <u>The Meaning of § 506(d)</u>

Having performed its own review of the issues, this Court has little to add to the Bankruptcy Court's well-reasoned opinion. All that is required to resolve Debtor's motion is a proper understanding of the rationale and holding of <u>Dewsnup</u>.

One principal effect of modifying a lien based on the current appraisal of the collateral property is that if the property is ultimately sold for more than its appraised value, then the excess goes to the debtor instead of the creditor. <u>Dewsnup</u>, 502 U.S. at 778. The Supreme Court's rationale in <u>Dewsnup</u> rested in part on the observation that this perverse result would be a departure from the pre-Code bankruptcy practice, and that Congress would not have worked such a substantial (and unexplained) change in the bankruptcy law

without a more express provision.  Id. at 778-79.  Since the Court found that there were at least two plausible ways to interpret § 506(d), it opted for the way that avoids providing a windfall to debtors whose property unexpectedly sells for more than its appraised value.  Id. at 779 ("[G]iven the ambiguity here, to attribute to Congress the intention to grant a debtor the broad new remedy against allowed claims to the extent that they become "unsecured" for purposes of § 506(a) without the new remedy's being mentioned somewhere in the Code itself or in the annals of Congress is not plausible, in our view, and is contrary to basic bankruptcy principles.").[4]

As explained above, the Supreme Court interpreted § 506(d) to mean that a lien is void to the extent it secures a claim against the debtor that is not an allowed claim.  Thus, the only question on a motion seeking to invoke § 506(d) to void a lien is whether the claim secured by the lien is an allowed claim under § 502.  Since Cook makes no argument that the claim secured by the junior lien at issue in this case is not allowed under § 502, he is not entitled to void the lien under § 506(d).

---

[4] The Supreme Court noted that the pre-Code law did permit alteration of liens in reorganizations proceedings (as distinct from Chapter 7 liquidation proceedings), which may explain why Congress included an express provision for modification of liens in the provisions governing Chapter 13 plans.  See Dewsnup, 502 U.S. at 779.

### 2. Whether "strip offs" are treated differently from "strip downs"

Both the Fourth and Sixth Circuit Court of Appeals have held that the Supreme Court's reading of § 506(d) necessarily applies to both strip downs and strip offs.  See In re Talbert, 344 F.3d 555 (6th Cir. 2003); Ryan v. Homecomings Financial Network, 253 F.3d 778 (4th Cir. 2001).  Whether a lien secures an entire claim that is unsecured by operation of § 506(a), or the lien secures a claim that is only partially secured under § 506(a), both liens are not voided unless the claim they secure is not allowed under § 502.  Indeed, the same reasons for not reading § 506(d) to void a portion of a lien apply equally to not reading § 506(d) to void an entire lien — namely, to the extent that § 506(d) is ambiguous, it should not be read to create a departure from the pre-Code practice in order to create a windfall for debtors whose property appreciates after appraisal and before foreclosure.

Nevertheless, Cook submits that the holding of the Third Circuit Court of Appeals in McDonald v. Master Financial, Inc., 205 F.3d 606 (3d Cir. 2000) compels this Court to distinguish Dewsnup, and not apply it to strip offs.  But neither McDonald nor Nobelman, the Supreme Court case it was interpreting, addresses or has any relevance to the meaning of § 506(d).  Instead, those cases are interpreting the anti-modification clause in Chapter 13 of the Bankruptcy Code which provides that a Chapter 13 plan may "modify the rights of holders of secured

claims, other than a claim secured by only a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

In Nobelman v. American Savings Bank, 508 U.S. 324 (1993), the Supreme Court held that even though the portion of a lien exceeding the value of the collateral is considered an unsecured claim component under § 506(a), that does not mean that a Court may modify the mortgage under § 1322(b)(2). Id. at 331. This is because, the Court held, the creditor still holds "a claim secured by only a security interest in real property that is the debtor's principal residence," in accordance with 11 U.S.C. § 1322(b)(2), even if the entirety of the claim is not secured, and that prevents the Court from modifying the bank's rights under the mortgage. Id. at 328-29.

The Third Circuit Court of Appeals held in McDonald that Nobelman applies to strip downs, but does not apply to strip offs. McDonald, 205 F.3d at 611-12. The Court held that the rationale in Nobelman depended on part of the creditor's claim still being attached to existing value in the collateral. Id. at 611. The holder of a separate junior lien, however, does not have a claim that attaches to any existing value in the collateral, and is therefore not protected by the antimodification clause. Id. at 612.

The Court of Appeals supported its reading of Nobelman and

9

the antimodification clause by pointing out that refusing strip offs in the Chapter 13 context would only encourage debtors to file for Chapter 7 relief, a result not preferred by Congress. Id. at 614.  Moreover, if debtors did so choose Chapter 7 over Chapter 13, lienholders might be worse off, because Chapter 7 proceedings might determine that such junior liens are unsecured and then the lienholders would potentially receive no compensation.  Id.  In making this point, the Court of Appeals acknowledged Dewsnup, but noted that some courts have distinguished Dewsnup because it addressed strip downs rather than strip offs.  Id. at 614-15.  But the Court found that even if Dewsnup forbids strip offs debtors might still be encouraged to choose Chapter 7 instead of Chapter 13, since Chapter 7's discharge of all personal liability would be preferable to a Chapter 13 plan without the ability to strip off.  Id. at 614.

    Debtor's argument that McDonald compels this Court to distinguish Dewsnup is contrary to both the express language of McDonald, and that case's reasoning.  First, the Court in McDonald expressly noted that it took no view as to whether Dewsnup can be so distinguished.  McDonald, 205 F.3d at 615.  It would be odd indeed if the Court of Appeals thought its holding compelled a result on which it claimed to be taking no position. Second, McDonald's holding has no relevance at all to the proper interpretation of § 506(d).  That case was about the scope of 11

U.S.C. § 1322(b)(2) with respect to strip offs versus strip downs. The distinction between strip offs and strip downs is relevant to the antimodification statute for reasons made clear in Nobelman — a lien that is partially secured and partially unsecured cannot be modified under § 1322(b)(2) because the lienholder is a "holder of a . . . claim secured by only a security interest in real property," while the holder of a wholly unsecured lien is not a "holder of a . . . claim secured by only a security interest in real property." That distinction in the context of § 1322(b)(2) has no relevance to whether § 506(d)'s use of the phrase "allowed secured claim" has the same meaning as § 506(a)'s use of that phrase, a proposition directly rejected by the Supreme Court's holding in Dewsnup. Dewsnup, 502 U.S. at 778 ("Were we writing on a clean slate, we might be inclined to agree with petitioner that the words 'allowed secured claim' must take the same meaning in § 506(d) as in § 506(a). But, given the ambiguity in the text, we are not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected.").

In summary, Dewsnup interprets § 506(d) to void liens securing claims which are not allowed under § 502. Since Cook does not argue that the claim secured by the junior lien at issue is not allowed under § 502, then § 506(d) does not operate to void it, regardless of whether under the current appraisal of the

11

property a sale would satisfy the senior lien.  Nothing in McDonald compels or even suggests otherwise.

**IV. CONCLUSION**

The Supreme Court has interpreted 11 U.S.C. § 506(d) to mean that a lien is void if it secures a claim that is not allowed under § 502.  This Court is bound by that interpretation, which applies equally to liens that are partially or wholly unsecured under § 506(a) as a consequence of the current value of the collateral property.  Since Appellant does not argue that his lien secures a claim that is not allowed under § 502, the Bankruptcy Court correctly held that his lien was not void.  That Order will be affirmed.

The accompanying Order will be entered.

**June 6, 2011**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           United States District Judge

12